[709 NYS2d 568]

In the Matter of LESTER P. SCHWARTZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 22, 2000

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Forrest Strauss* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

On July 31, 1998, the respondent was convicted in the United States District Court for the Southern District of New York of conspiracy, in violation of 18 USC § 371, and·obstruction of justice, in violation of 18 USC § 1503, both of which are Federal felonies. On February 7, 2000, he was sentenced to six months' incarceration, six months' home confinement, and a $5,000 fine.

The respondent's conviction was based on his deliberate, knowing, and willful failure to produce a notebook that had been given to him by his client Howard Mandel in response to a Federal Grand Jury subpoena. The notebook contained a record of illegal cash payments by Mandel to his suppliers. The respondent, who acted as Mandel's accountant, refused to turn the notebook over in order to conceal cash payments made to him and his son.

Penal Law § 215.40 provides that "[a] person is guilty of tampering with physical evidence when * * * 2. Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person." "Physical evidence" is defined as "any article, object, document, record or other thing of physical substance which is or is about to be produced or used as evidence in an official proceeding" (Penal Law § 215.35 [1]). Tampering with physical evidence is a class E felony.

The respondent's conviction is cognizable as the New York felony of tampering with physical evidence. Therefore, pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and SANTUCCI, JJ., concur.

Ordered that the motion is granted, and, pursuant to Judiciary Law § 90, effective immediately, the respondent, Lester P. Schwartz, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Lester P. Schwartz is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.